

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00032-CR

———————————————

DAVID BOYCE CORNETT, Appellant

V.

THE STATE OF TEXAS

———————————————

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1764157

———————————————

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant David Boyce Cornett attempts to appeal his conviction for indecency with a child. *See* Tex. Penal Code Ann. § 21.11. Under a charge bargain, Cornett pled guilty in exchange for the State's waiving a second count of indecency with a child. *See Harper v. State*, 567 S.W.3d 450, 455 (Tex. App.—Fort Worth 2019, no pet.) (discussing charge bargains). As part of his written plea agreement, Cornett waived any right of appeal, and he was admonished that if the trial court followed the agreement, he would have to obtain permission from the trial court before he could "prosecute an appeal on any matter in the case except for matters raised by written motion filed prior to trial."

In accordance with the parties' agreement, the trial court found Cornett guilty of one count of indecency with a child, sentenced Cornett to fifteen years' confinement, and recorded on the judgment that the State had waived the second count. However, the trial court's certification of Cornett's right of appeal stated that this was not a plea-bargain case and that Cornett had a right of appeal. Cornett then filed his notice of appeal. Because the certification did not reflect the record, we abated the appeal and ordered the trial court to amend the certification to comport with the record. *See* Tex. R. App. P. 25.2(d), 34.5(c)(2); *Harper*, 567 S.W3d at 455.

The trial court's amended certification notes that this is a plea-bargain case and that Cornett has no right of appeal, and Cornett has offered no indication that he is

appealing from a written pretrial motion.[1] We therefore notified Cornett that we had received the trial court's amended certification stating that this is a plea-bargain case and that he has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2) (providing that in a plea bargain case, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute"); *Harper*, 567 S.W.3d at 455 (applying Rule 25.2(a)(2) to charge bargains and holding that we had no jurisdiction over issues not raised in pretrial motions and for which the trial court had not given permission to appeal). We warned him that this appeal could be dismissed unless he or another party filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(d), 44.3.

We have received no response. Thus, in accordance with the trial court's certification, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2(d), 43.2(f).

---

[1]Cornett signed "Written Waivers of Defendant" in connection with the plea agreement, and in that document, he stated that he was "giv[ing] up and waiv[ing] all pretrial motions that may have been filed in [his] case."

3

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 1, 2024

4